HOOVER, APPELLANT, *v.* HOOVER, ADMR., APPELLEE.
(Two cases.)

(Nos. 755 and 756—Decided November 20, 1950.)

*Mr. W. J. Mead,* for appellant.
*Messrs. Reddin & Reddin,* for appellee.

FESS, J.   Cause No. 755 is an appeal on questions of law from an order of the Probate Court finding that, due to certain errors of the appraisers, the estate of R. D. Hoover should be reappraised and an amended inventory and appraisement filed, to include, among other items, five certificates of deposit totalling $5,950, with accrued interest, which were owned by the decedent and his wife, Selusta Hoover, "and upon the death of said Russell D. Hoover, became the property of Selusta Hoover."

The order further recites:

"* * * that on the 10th day of * * * [March], 1950, said Selusta Hoover, being then sound and competent in mind and not under duress, endorsed all of said certificates of deposit and delivered them to Arthur Hoover as administrator of the estate of Russell D. Hoover, deceased, and instructed him to include them in the assets of said estate.   That said Arthur Hoover as such

administrator thereupon deposited said certificates of deposit in the Wayne branch of the Cygnet Savings Bank Company, in his administrator's account. That the proceeds of said certificates of deposit should be included in the amended inventory.''

Cause No. 756 is an appeal on questions of law from an order overruling exceptions to the amended inventory and appraisement and confirming it. Upon the filing of the amended inventory appellant filed her exceptions thereto, setting forth that the certificates of deposit included therein did not belong to the estate but belonged to the exceptor as survivor of the decedent free from claim by the estate; that her endorsement, if any, was placed thereon without her knowledge and particularly without any knowledge of the legal effect thereof or any intent to make a gift to the estate; and that such endorsement was obtained by the administrator through fraud when appellant was ill and when she was in such a mental condition that her signature was not her free and voluntary act.

In her exceptions, appellant prays that the certificates be found to be her property, that they be excluded from the inventory as assets of the estate, and that the administrator be ordered to pay her the amount of money received therefor.

In overruling the exceptions, the court found as recited in the entry in cause No. 755, and that the proceeds of the certificates were properly and legally included in the amended inventory and appraisement. The court confirmed the amended inventory and appraisement.

The two appeals were originally filed on questions of law and fact, but on motion the appeals on questions of law and fact were dismissed and the causes retained as appeals on questions of law, upon authority of *In re Estate of Chipman*, 13 Ohio App., 186, 32 C. C. (N. S.),

29; *In re Estate of Turpen,* 26 Ohio Law Abs., 587; *In re Estate of Shafer,* 77 Ohio App., 105, 65 N. E. (2d), 902. Our action in this regard may have been premature and possibly erroneous for the reason that an examination of the records discloses that the exceptor below sought equitable relief which, under the decision of the Supreme Court in *Meyer* v. *Meyer,* 153 Ohio St., 408, 91 N. E. (2d), 892, would present an issue appealable on questions of law and fact. However, the conclusion reached upon the appeals makes it unnecessary to reinstate them as appeals on questions of law and fact.

The trial court properly found that upon the death of the decedent appellant became the absolute owner of the five certificates of deposit concerning which the controversy arises. *Sage, Exr.,* v. *Flueck,* 132 Ohio St., 377, 7 N. E. (2d), 802. The evidence discloses that, with the permission of the appellant, these certificates came into the possession of the administrator a few days after the decedent's death.

Russell D. Hoover died intestate February 25, 1950. He left surviving his 76-year-old widow, Selusta Hoover, his son, Arthur, and his daughter, Alice, by a former marriage. On March 1, Mrs. Hoover was taken in an ambulance to a hospital in Fremont, where she was confined with pneumonia and remained until March 25. On March 7, 1950, at the request of Arthur Hoover, she signed a waiver of notice of the making, filing, and hearing of inventory and consented to the approval thereof. Arthur Hoover testified that on March 10, 1950, Selusta Hoover endorsed the five certificates of deposit and told him that ''dad had left his last wish that everything be divided up one third and that was the way she wanted it.'' Mrs. Hoover denies any recollection of having endorsed the certificates.

After securing his stepmother's endorsement on the

certificates, Arthur Hoover endorsed them as administrator, cashed them, and deposited the proceeds in his account as administrator.

Although Mrs. Hoover was quite ill when admitted to the hospital, she sufficiently recovered by the 7th of March to receive visitors. There is the usual conflict of testimony with respect to her physical and mental condition when she signed the certificates on March 10th.

Transactions between infirm persons and those with greater intelligence and better condition of health impose upon the latter a higher responsibility than exists between normal persons. Such transactions are viewed with suspicion. The evidence in the instant case fails to reveal any necessity for the haste exhibited by the administrator in securing his stepmother's signature to the certificates. To support a gift *inter vivos*, clear and convincing evidence is required. *Bolles* v. *Toledo Trust Co., Exr.*, 132 Ohio St., 21, 4 N. E. (2d), 917. In view of her age, her recent bereavement, and serious illness, this court is unanimously of the opinion that the finding that Selusta Hoover made a gift of the certificates to the estate is manifestly against the weight of the evidence.

But there is another ground upon which the judgment must be reversed. The Probate Court found, and the evidence discloses, that the certificates became the property of Selusta Hoover upon R. D. Hoover's death. As such, they have no place in the inventory as assets of the decedent's estate. Title to all personal property belonging to a decedent vests in his administrator upon acceptance of the trust, as of the date of death. *Brewster* v. *Gage, Collector of Internal Revenue,* 280 U. S., 327, 74 L. Ed., 457, 50 S. Ct., 115. But it is axiomatic that an administrator has no right to any property except that held or owned by the de-

cedent at the time of his death. The Probate Code recognizes this by frequently referring to property of the deceased. See Sections 10509-41, 10509-51, 10509-52, 10509-53, and 10509-57, General Code.

Section 10509-172, General Code, charges the administrator with all goods, chattels, rights, and credits of the deceased which come into his hands, and are by law to be administered although not included in the inventory; also with all the proceeds of property sold for the payment of debts and all the interest, profit, and income that in any way comes into his hands from the personal estate of the deceased. Nowhere is any authority given an administrator to administer or as administrator to receive property of heirs or next of kin. Occasionally an administrator receives money or property from an heir or next of kin to pay debts and thereby avoid the necessity of a land sale proceeding for such purpose. Such procedure is proper and approved practice, but even in such case the advancement has no place in the inventory and appraisement. The administrator charges himself with the advancement in his account in the same manner as after-acquired assets, such as interest and dividends received on securities listed in the inventory.

Having found that the certificates of deposit in question were the property of the widow, the orders of the court including them in the inventory were contrary to law. They should have been excluded from the inventory without prejudice to the respective rights of Selusta Hoover and Arthur Hoover.

Should the Probate Court have directed the return of the property to the exceptor? This presents the question as to whether the Probate Court is invested with jurisdiction to determine title to property on exceptions to an inventory and appraisal. *Brown v. Southern Ohio Savings Bank & Trust Co.* (1926), 22

Ohio App., 324, 153 N. E., 864, holds that the Probate Court has such jurisdiction. In *Scott* v. *Mofford* (1940), 64 Ohio App., 457, 28 N. E. (2d), 947, the court held that inclusion of real estate in the inventory of the grantor's estate, to which no exceptions were filed and no hearing conducted by the Probate Court, is not *res judicata* and does not estop the grantee from asserting title to the real estate.

But in *Bolles* v. *Toledo Trust Co., Exr.* (1940), 136 Ohio St., 517, 27 N. E. (2d), 145, the Supreme Court held as follows:

"A final adjudication, that certain inventoried personal property is assets of a decedent's estate and lawfully included in the inventory thereof in a proceeding instituted in Probate Court by filing exceptions to the inventory, is *res judicata* when properly pleaded as a defense in a subsequent action brought by the person, who in the former proceeding was exceptor, to engraft a trust for his use and benefit upon the same personal property."

In the course of its opinion, the Supreme Court indicated that although the Probate Court exercises limited jurisdiction to determine questions of title on exceptions to an inventory, it is nevertheless invested with full power to determine what property is lawfully included in an inventory as assets and, as incidental thereto, has jurisdiction to inquire whether inventoried personal property belongs to an exceptor, under the plenary power conferred by Section 10501-53, General Code. But in neither of the first two *Bolles cases* (132 Ohio St., 21, and 136 Ohio St., 517) did the court determine that upon a finding that property should be excluded from an inventory the court should direct its delivery by the administrator to the owner thereof.

In the instant case, the Probate Court had jurisdiction to determine whether the property belonged to

the estate or to the exceptor, and the court found that it belonged to the exceptor. But the controversy herein arises over a transaction occurring after the death of the testator between the widow, as owner of the certificates, and Arthur Hoover. Under such circumstances, the Probate Court would have no authority to direct the return of the certificates, or the proceeds of the sale thereof, to the exceptor upon either a motion to vacate the approval of the original inventory or upon exceptions to the amended inventory.

Appellee has assigned as error the decision of the court overruling his objection to the admission of any evidence on the subject of ownership of the proceeds of the certificates on the ground of *res judicata,* since the issue had previously been determined upon the motion to vacate the approval of the original inventory. Assignment of errors on behalf of an appellee is contemplated by Section 12223-21*a,* General Code. Under the 1945 amendment to Section 6, Article IV of the Constitution, the Court of Appeals has ''such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments * * * of courts of record inferior to the Court of Appeals * * *.'' Although doubt has been expressed as to the constitutionality of Section 12223-21*a* (*Winslow* v. *Ohio Bus Line Co.,* 148 Ohio St., 101, 117, 73 N. E. [2d], 504), we construe the statute as procedural rather than jurisdictional. Furthermore, Rule VII of this court permits the assignment of errors by an appellee, so the statute does not conflict with the authority of the court to make rules.

Appellee's assignment of error does not present a question of *res judicata.* The administration of the estate was still in process. The court's prior decision upon the motion to vacate the confirmation of the inventory may have become ''the law of the case,'' but

an inferior court can not forestall review by an appellate court by adherence to a prior erroneous decision. *New York Life Ins. Co.* v. *Hosbrook,* 130 Ohio St., 101, 196 N. E., 888, 118 A. L. R., 1283. The court below adhered to its former decision. Therefore, the appellee was not prejudiced by the admission of testimony at the second hearing.

The appeal in cause No. 755 was properly perfected, and the judgment from which that appeal is taken should dispose of the question. However, since the amended inventory was actually filed, it vacated the original inventory and the proceeding incident thereto, and it was proper, if not necessary, for the widow to file exceptions thereto.

Therefore, the judgments in both cases are reversed and the causes remanded with directions to exclude from the inventory the five certificates of deposit.

*Judgments reversed.*

CONN and CARPENTER, JJ., concur.