In re Estate of Cecere, Deceased.

[Cite as In re Estate of Cecere, 17 Ohio Misc. 101.]

(No. 29844—Decided June 14, 1968.)

Probate Court of Butler County.

*Messrs. Imfeld, Imfeld & Imfeld* and **Mr. Clem F. Imfeld, Jr.,** for the movant.
*Messrs. Condo, Walsh & Stitsinger* and **Mr. G. E. Condo,** for the administrator.

ZIEGEL, J. sitting by assignment. This cause is before the court upon the motion of Mike Cecere, the surviving spouse of the above named decedent, and, until his removal, the executor of her estate, to delete a certain bank account from the inventory of said estate for the reason that it was not an asset and should not have been listed. At the hearing, evidence was produced showing conclusively that this bank account was a joint and survivorship account with Mike Cecere as the survivor.

The inventory for which this deletion is sought was approved *pro forma*, without any exceptions having been filed thereto, on November 20, 1956. Counsel for the administrator dbn wwa contends first that the Probate Court has no authority to vacate or modify its final order, judgments, or decrees, after term, except as provided in Section 2325.01, Revised Code, and that neither the procedure adopted nor the evidence adduced meets the requirements of that statute. Counsel have not, however, favored the court with any citations to support this contention.

The leading case this court has found which holds that a judgment with respect to an inventory is *res judicata* as to the title of assets therein contained is *Bolles* v. *Toledo Trust Company*, 136 Ohio St. 517, wherein the Supreme Court states: "When in an action an issue is determined and judgment rendered all parties are bound and thereafter estopped from asserting rights in conflict therewith in subsequent litigation in the same or another judicial tribunal." In that case, however, exceptions had been filed and the finding that the assets belonged in the estate was a final adjudication of title as to the exceptor and the estate.

In the case at bar no exceptions were filed to the inventory and no issue has heretofore been raised as to title, a situation which is considered by the First District Court of Appeals in *Scott* v. *Mofford*, 64 Ohio App. 457. Judge Matthews concluded in that case that: ''As no exceptions were filed to this inventory, it is clear that no actual trial of the right of property took place in the Probate Court. And as no mention is made in the statutes of any order of the court upon failure to file exceptions to the inventory, it is manifest that the Legislature did not attach to any entry that might be made under such circumstances the same binding quality that would attach to an order after exceptions and a hearing thereon.

''The primary purpose of an inventory is to furnish a list of the property which appears to belong to the decedent and a valuation thereof. It is made on an *ex parte* investigation and clearly binds no one. Where no exceptions are filed to it, there is no judicial inquiry at all. It is only when exceptions are filed and the jurisdiction of the Probate Court is invoked to inquire into the validity of the schedule of property that the proceeding takes on the character of litigation.'' See also *Burlovic* v. *Farmer*, 96 Ohio App. 403.

The court therefore concludes that in the case at bar there was no final order, judgment, or decree which would require the application of Section 2325.01 *et seq.*, Revised Code, in order to change the order heretofore made.

Secondly, the administrator dbn wwa contends that Mike Cecere is now estopped from claiming that the bank account in question belongs to him individually, rather than to the estate since it was this same Mike Cecere who made the inventory in his capacity as executor. To support this contention his counsel cites a number of cases in the inheritance tax field on the refundability of taxes paid under mistake of fact, and the nonrefundability of taxes paid under a mistake of law, the implication being that the inclusion of a joint and survivorship account as a probate asset is a mistake of law, and as such, after all of these years, may not now be changed. This court does not be-

lieve that any of these cited cases are applicable to the present proceedings. The problem before the court is one of title, not of taxation.

Estoppel is one of those legal words that is frequently used quite loosely. Passage of time alone does not create an estoppel. Of the three kinds of estoppels—by record, by deed, or in pais—only the third mentioned can be applicable here. An equitable estoppel can exist only when someone has been misled to his detriment by a false statement knowingly made. Estoppel is based upon the theory that where one has by his conduct induced another to change his position to his damage, disadvantage, or detriment, he is estopped from benefitting by such conduct. See Par. 35, 20 Ohio Jurisprudence 2d 498, and cases cited thereunder. In the case at bar there was no showing, or offer to show, that anyone was misled in any way by the original inclusion of the bank account in question in the inventory as an asset of the estate.

Section 2115.02, Revised Code, set forth what should be included in the inventory of a decedent's estate as "* * * the real estate *of the deceased* located in Ohio and the chattels, moneys, rights, and credits *of the deceased* which are to be administered. * * *" The key words here are "of the deceased." The joint and survivorship account in question, by virtue of the contract with the bank, passed on decedent's death to the survivor. It was not property "of the deceased," and as such had no place in the inventory as an asset of the decedent's estate. See *Hoover* v. *Hoover,* 90 Ohio App. 148.

The motion herein considered will be sustained.

*Motion sustained.*