OPINION
{¶ 1} Theresa L. Thomas, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the trial court granted the motion to dismiss filed by Ronald L. Thomas, defendant-appellee.
 {¶ 2} Appellant and appellee were married in August 1982, and three children were born as issue of the marriage. As of August 2001, the parties resided in North Carolina. On August 8, 2001, appellee moved to Columbus, Ohio. On August 9, 2001, appellant moved to Columbus. The parties never resided together in Columbus. On February 7, 2002, appellant filed a complaint for divorce. Appellant stated in a custody affidavit filed with her complaint that she had been a resident of Ohio since August 1, 2001. Temporary orders were put in place in April 2002, but appellee failed to pay the child and spousal support as ordered. Appellee filed an answer and counterclaim on September 6, 2002. On April 29, 2003, appellee filed an amended answer, in which he challenged the court's subject-matter jurisdiction. On June 20, 2003, appellee filed a motion to dismiss based upon a lack of subject-matter jurisdiction, alleging appellant was not a resident of Ohio for at least six months prior to filing the complaint for divorce. On October 7, 2003, the trial court granted appellee's motion to dismiss. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
I. The Trial Court committed error prejudicial to the Appellant, abusing its discretion, by holding that it lacked subject matter jurisdiction and sustaining the Defendant's Motion to Dismiss.
II. The Trial Court committed error prejudicial to the Appellant, abusing its discretion, by holding that the six-month provision of O.R.C. Section 3105.03 operated to divest it of subject matter jurisdiction in this case.
III. The Trial Court committed error prejudicial to the Appellant, and against the manifest weight of the evidence, by holding that the doctrine of laches did not bar the Appellee from raising the issue of jurisdiction.
 {¶ 3} Appellant argues in her first assignment of error that the trial court erred by holding that it lacked subject-matter jurisdiction and sustaining appellee's motion to dismiss. The standard of review for a motion to dismiss, pursuant to Civ.R. 12(B)(1), is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bush v.Spurlock (1989), 42 Ohio St.3d 77, 80. An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo and, therefore, it must review the issues independently of the trial court's decision. Crestmont Cleveland Partnership v.Ohio Dept. of Health (2000), 139 Ohio App.3d 928, 936.
 {¶ 4} R.C. 3105.03 requires a plaintiff in an action for divorce to have been a resident of the state at least six months immediately before filing the complaint. This six-month residency requirement of R.C. 3105.03 is jurisdictional. Weightman v.Weightman (May 13, 1999), Franklin App. No. 98AP-1021. A judgment rendered by a court lacking subject-matter jurisdiction is void. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Accordingly, if the plaintiff in a divorce action fails to satisfy the residency requirements, the trial court has no authority to grant a decree of divorce in the action. McMaken v. McMaken (1994), 96 Ohio App.3d 402, 405.
 {¶ 5} There is no dispute that appellant was not a resident of Ohio for at least six months immediately before filing her complaint for divorce as required by R.C. 3105.03. Thus, unless appellant can provide some convincing rationale as to why appellee should not have been able to raise this issue in his motion to dismiss, there can be no dispute that the trial court lacked subject-matter jurisdiction. Appellant presents two arguments as to why appellee should not have been granted a motion to dismiss: (1) appellee admitted in his responsive pleadings that appellant had been a resident of Ohio for the requisite period; and (2) appellee had submitted to the jurisdiction of the court by responding to and seeking discovery and filing a counterclaim. We will address these two issues together.
 {¶ 6} Appellee admitted in both his original answer and in his amended answer the allegations contained in paragraph one of appellant's complaint. Paragraph one of appellant's complaint alleged that appellant had been a resident of Ohio for at least six months immediately before filing the complaint. Further, appellee filed a counterclaim also seeking a divorce. Appellant cites four cases to support her claim that these admissions and the filing of the counterclaim were sufficient to invoke the jurisdiction of the court and prevent appellee from filing a motion to dismiss. However, we find none of these cases persuasive on these issues.
 {¶ 7} Appellant first cites Sturgill v. Sturgill (1989),61 Ohio App.3d 94, for the proposition that a trial court may refuse to hear a jurisdictional objection urged after an answer is filed if the record shows jurisdiction by admission of the parties as to jurisdictional facts. However, Sturgill is distinguishable from the present case in several respects. Most importantly, the appellant-husband in Sturgill did not raise the issue of jurisdiction until after final judgment in a collateral attack. In declining to find that the trial court lacked subject-matter jurisdiction, the appellate court relied heavily upon the rationale that allowing judgment to be vacated after final adjudication would threaten the finality of decisions. To the contrary, in the present case, appellee filed a motion to dismiss before trial commenced, thereby negating any concerns relating to finality. Further, the appellate court in Sturgill found that the husband could have raised the issue of subject-matter jurisdiction earlier because, prior to the final judgment, he had known the parties had joint bank accounts and real estate in another jurisdiction. The appellate court also noted that the husband had, in fact, instituted actions on the property in the other jurisdiction prior to final judgment. In the present case, prior to filing his amended answer and motion to dismiss, appellee was not aware that appellant had been untruthful in her custody affidavit. In addition, the appellate court in Sturgill
relied upon the fact that res judicata applied because the husband never appealed the original divorce decree in which it was found that the wife had met the jurisdictional requirement of residency. In the present case, appellee raised the issue of jurisdiction immediately after discovering appellant did not reside in Ohio until August 9, 2001, and the case never progressed to final judgment. We also note that the court inSturgill found that a court "may" refuse to hear a jurisdictional objection made after an answer is filed. See id. at 101. The word "may" connotes discretion. Therefore, the circumstances in Sturgill were significantly different than those at bar.
 {¶ 8} Appellant also cites Beatrice Foods Co. v.Porterfield (1972), 30 Ohio St.2d 50, for the proposition that, although adverse parties may not confer jurisdiction upon a court by mutual consent, where none would otherwise exist, they may stipulate the truth of facts that are sufficient to confer jurisdiction. Id., at paragraph two of the syllabus. However, the circumstances in Beatrice distinguish it from the present case. In Beatrice, the jurisdiction was alleged in a notice of appeal in an appellate court, not in a complaint in a trial court, as in the present case. Further, in order to confer jurisdiction on the appellate court in Beatrice, both parties signed and submitted a specific stipulation to the appellate court agreeing that the county in which the appellate court sat was the same county where the appellant had its principal place of business and where its statutory agent resided. The stipulation was presented by the parties specifically and for the sole purpose of agreeing to the allegations in the notice of appeal in order to confer jurisdiction. No party contested the issue of jurisdiction at any time; it was the trial court that raised the issue sua sponte. The Ohio Supreme Court found that the stipulation removed from the court's consideration any question or controversy concerning the jurisdictional statement contained in the notice of appeal. However, in the present case, there was no "stipulation" executed by the parties specifically for the purpose of conferring jurisdiction. Rather, appellee admitted to certain jurisdictional allegations in his answer based upon a false affidavit filed with the complaint. Both parties did not knowingly agree to jurisdiction in the present case, and appellee acknowledged jurisdiction based upon appellant's untruthful, sworn averments, unlike in Beatrice. We also note that, as in Sturgill, the court found that a court "may" refuse to hear a jurisdictional objection made after an answer is filed, indicating discretion. Thus, the facts in Beatrice are dissimilar to those in the present case.
 {¶ 9} Appellant also cites Swartz v. Swartz (Mar. 21, 1990), Seneca App. No. 13-88-28, for the proposition that the allegation of six months of state residency in a complaint and the admission of fact in the counterclaim were sufficient to establish subject-matter jurisdiction. However, we also findSwartz inapposite. Unlike the present case, there never was any allegation in Swartz that the court lacked jurisdiction because the information alleged in the complaint was false. Rather, the husband-appellant's argument in Swartz was that, prior to the hearing, he and his wife moved from the county in which the complaint and counterclaim were filed and, thus, the court no longer had proper venue and jurisdiction to hear the complaints. The court found that venue and jurisdiction are established at the time the complaint is filed and not at the time the judgment is rendered. This legal determination is wholly unrelated to the issue in the present case. Further, unlike the present case, there is no evidence that the husband in Swartz raised this defense at any time at the trial court level. The facts and holding in this case are clearly inapplicable.
 {¶ 10} Appellant also cites Bolinger v. Bolinger (1990),49 Ohio St.3d 120, for the proposition that a trial court has subject-matter jurisdiction to decide issues such as spousal support and property division when there has been a counterclaim filed. However, we find little value in its holding given the difference in circumstances between that case and the present one. In Bolinger, the wife filed a complaint for support and custody only, and the husband filed a counterclaim for divorce. The parties stipulated to the wife's filing an amended complaint for divorce, but the amended complaint was apparently never filed. The trial court granted the divorce based upon the amended complaint, but the court of appeals reversed, finding that, because the amended complaint for divorce was never filed, the trial court did not have jurisdiction. After another remand and appeal, the Ohio Supreme Court found that, given the fact that the husband filed a counterclaim for divorce, the trial court did not exceed its jurisdiction in making its original property settlement and alimony award.
 {¶ 11} However, the facts in Bolinger differ markedly from those in the present case. Bolinger did not include circumstances in which it was claimed that allegations in the complaint were false. More importantly, unlike Bolinger, the trial court in the present case could not retain jurisdiction based upon the counterclaim. Appellee dismissed his counterclaim after the trial court dismissed appellant's complaint. At that point, the trial court had no basis for jurisdiction. Therefore, we find Bolinger unpersuasive.
 {¶ 12} Under the specific circumstances of this case, we find dismissal of appellant's complaint was appropriate. Appellant has not presented any convincing argument or authority as to why appellee should have been prevented from raising the issue of subject-matter jurisdiction, which the trial court indisputably lacked. Although appellee admitted to the jurisdictional allegation in his answer, he did so based upon the inaccurate allegations in the complaint and appellant's false affidavit. Further, appellee filed his amended answer and motion to dismiss immediately after retaining new counsel and discovering appellant did not move to Ohio on August 1, 2001. Also, the action never proceeded to final judgment, and appellant did not unfairly rely upon the finality of any judgment. We also note that, although appellee admitted to the jurisdictional allegation in his amended answer, such seems to have been a clerical mistake in that he also alleged that the trial court lacked subject-matter jurisdiction in that same amended answer. Thus, we find the inadvertent admission in the amended answer to be of no consequence. Accordingly, because appellant did not meet the jurisdictional requirements in R.C. 3105.03, and we see no reason why appellee should have been prevented from raising this issue in his motion to dismiss, we find dismissal of appellant's complaint for divorce was appropriate. Appellant's first assignment of error is overruled.
 {¶ 13} Appellant argues in her second assignment of error that the trial court erred by finding that the six-month provision in R.C. 3105.03 operated to divest it of subject-matter jurisdiction in this case. Specifically, appellant argues that she was denied due process because the period of "six months" is not a constant and may vary by several days depending on the period for which it is being calculated. Due process requires that every party to an action must be afforded a reasonable opportunity to be heard after a reasonable notice of such hearing. Ohio Valley Radiology Assoc. Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 125. Appellant was afforded such in the present case. The six-month jurisdictional period is defined with specificity, and every individual filing a complaint may calculate such period with certainty. Although it may vary by several days depending on which rolling six-month period is calculated due to the fluctuation contained in the Gregorian calendar, each period still remains "six months" for each individual. This interpretation is consistent with the general rule that, when a statute or regulation uses a certain time period, whether hours, days, weeks, months, or years, counting is done only in terms of units of that time period. See State v.Bowman (1996), 108 Ohio App.3d 276, 278. Thus, in the present case, the period must be measured in months and the number of days comprising each month is not relevant. Further, this court has before held that a "year," in the context of statute of limitations, is a calendar year constituting 12 consecutive months, and whether it was a leap year was inconsequential to the calculation. See Buckeye Union Ins. Co. v. Lowe (Oct. 20, 1981), Franklin App. No. 81AP-437. See, also, Schon v. Natl. TeaCo. (1969), 19 Ohio App.2d 222 (in computing a period of one year from the happening of a particular event, the year begins the day following the day the event occurs and ends at the close of the first anniversary date the event occurred, regardless of the number of days and whether it is a leap year). Appellant cites no authority for her position, and our own research reveals none. Given the frequency at which such temporal anomalies occur in legal proceedings, our inability to find any authority to support appellant's proposition is telling. For these reasons, appellant's second assignment of error is overruled.
 {¶ 14} Appellant argues in her third assignment of error that the trial court erred in finding the doctrine of laches did not bar appellee from raising the issue of jurisdiction. The doctrine of laches is an omission by a party to assert a right for an unreasonable and unexplained length of time under circumstances, which are prejudicial to the opposing party. State ex rel. EatonCorp. v. Indus. Comm. (1997), 80 Ohio St.3d 352, 356. The elements of laches are: (1) an unreasonable delay or lapse of time in asserting a right; (2) no excuse for the delay; (3) actual or constructive knowledge of the injury or wrong; and (4) prejudice to the other party. State ex rel. Mallory v. Pub. Emp.Retirement Bd. (1998), 82 Ohio St.3d 235, 244. Prejudice is not inferred from a mere lapse of time, and "`in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'" Stevens v. Natl. City Bank (1989),45 Ohio St.3d 276, 285, quoting Smith v. Smith (1959),168 Ohio St. 447, paragraph three of the syllabus. A trial court's decision concerning the application of the doctrine of laches will not be reversed on appeal absent an abuse of discretion.State ex rel. Donovan v. Zajac (1998), 125 Ohio App.3d 245. An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In the present case, appellant filed her complaint for divorce on February 7, 2002. Appellee filed his motion to dismiss on June 20, 2003. Appellant claims that this delay caused her great harm because she would lose approximately $16,000 in accumulated child and spousal support arrearage. She claims had the issue been timely raised, she could have refiled the action immediately, gotten a new temporary order of support, and thereby stemmed the losses. We find the trial court did not abuse its discretion in failing to apply the doctrine of laches. The period appellee waited to file the motion to dismiss was neither unreasonable nor unexplained. Appellee filed his motion immediately after hiring new counsel and discovering appellant had misrepresented the date she moved to Ohio in her affidavit. Appellant does not allege that appellee had prior knowledge that the date stated in her complaint and affidavit was false, and she does not explain how appellee could have filed his motion to dismiss any sooner. Further, even though appellant claims she would have "immediately" refiled the case if appellee had raised the issue earlier, she did not do so in April 2003, when appellee first indicated in his amended answer that he was contesting subject-matter jurisdiction or when appellee filed his motion to dismiss in June 2003. In addition, laches is an equitable doctrine and it is fundamental that she who comes into equity must come with clean hands. Christman v. Christman (1960),171 Ohio St. 152, 154. As explained above, appellant did not have clean hands, as she misrepresented the date upon which she moved to Ohio. Therefore, the trial court did not abuse its discretion, and appellant's third assignment of error is overruled.
 {¶ 16} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Bryant and Sadler, JJ., concur.