OPINION
{¶ 1} Plaintiff-appellant, Lewis Michael Moving and Storage, Inc. ("Lewis Michael" or "plaintiff"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee Stofcheck Ambulance Service, Inc. ("Stofcheck Ambulance"). For the following reasons, we affirm the judgment of the common pleas court.
 {¶ 2} In April 2002, plaintiff and Stofcheck Ambulance executed an agreement in which plaintiff agreed to lease warehouse space to Stofcheck Ambulance from May 1, 2002, through May 31, 2007. At the time that the parties executed the agreement, both parties acknowledged that Stofcheck Ambulance's proposed use of the property was considered non-conforming use by the city of Columbus, Ohio.
 {¶ 3} According to the lease agreement, upon execution of the agreement, plaintiff agreed to apply for rezoning of the property consistent with Stofcheck Ambulance's proposed use of the property; however, plaintiff failed to do so. Rather, plaintiff submitted a rezoning application in November 2002. Plaintiff did, however, contact an attorney in April 2002 about rezoning the property.
 {¶ 4} By letter dated October 23, 2002, Mr. Edward Stofcheck, Sr., president of Stofcheck Ambulance, contacted Mr. William Lewis of Lewis Michael. In this letter, Mr. Stofcheck acknowledged an earlier telephone call between himself and Mr. Lewis during which Mr. Stofcheck informed Mr. Lewis that Stofcheck Ambulance was experiencing financial difficulties and Mr. Stofcheck proposed to renegotiate the lease agreement. In his letter, Mr. Stofcheck also put in writing this earlier oral renegotiation proposal, which plaintiff rejected.
 {¶ 5} After plaintiff rejected Stofcheck Ambulance's proposal, Stofcheck Ambulance investigated whether an application for rezoning had been filed. On October 30, 2002, Stofcheck Ambulance discovered that plaintiff had not yet filed a rezoning application. Stofcheck Ambulance vacated the premises on the following day and thereafter ceased paying rent.
 {¶ 6} In July 2003, plaintiff sued Stofcheck Ambulance Service and Edward Stofcheck, Sr., in the Franklin County Common Pleas Court, alleging breach of contract by Stofcheck Ambulance and claiming that Edward Stofcheck, Sr. was liable because he personally guaranteed Stofcheck Ambulance's performance.
 {¶ 7} The common pleas court thereafter held a bench trial to consider plaintiff's complaint. Rendering no adjudication of plaintiff's claim against Edward Stofcheck, Sr. and finding there was no just cause for delay, the common pleas court entered judgment in favor of Stofcheck Ambulance. See, generally, Civ.R. 54(B) (providing, in part, that "the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay"); see, also, Restatement of the Law 3d, Suretyship and Guaranty (1996), 71, Interpretation of the Secondary Obligation — Use of Particular Terms, Section 15 (explaining that a guarantor is a secondary obligor).
 {¶ 8} From the common pleas court's judgment, plaintiff now appeals. Plaintiff assigns a single error for our consideration: "The Trial Court erred in dismissing Appellant's complaint."
 {¶ 9} As an initial matter, we find that plaintiff mischaracterizes the procedural posture of this case. The common pleas court did not dismiss plaintiff's complaint. Rather, the common pleas court adjudged the dispute at a bench trial.
 {¶ 10} In its appellate brief, plaintiff suggests that the common pleas court's judgment is against the manifest weight of the evidence and is supported by insufficient evidence.
 {¶ 11} As to civil judgments, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. See, also, Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80 (stating that "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge").
 {¶ 12} When reviewing whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct. Id. at 79-80. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.
 {¶ 13} Comparatively, "[t]he standard for a review of the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict, which is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor the prevailing party[.]"Hartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525,530. "In other words, is the verdict one which could reasonably be reached from the evidence?" Id.; see, also, Howard v.Himmelrick, Franklin App. No. 03AP-1034, 2004-Ohio-3309, at ¶ 4. But, see, Reed v. State Med. Bd. of Ohio, 162 Ohio App.3d 429,2005-Ohio-4071, at ¶ 33 (stating that "in a civil case, the tests for weight and sufficiency of the evidence are essentially the same").
 {¶ 14} Here, plaintiff asserts that it established all elements to sustain a claim that Stofcheck Ambulance committed breach of contract. Therefore, plaintiff reasons the common pleas court erred by not finding in its favor.
 {¶ 15} "[T]o prove a breach of contract, a plaintiff must establish the existence and terms of a contract, the plaintiff's performance of the contract, the defendant's breach of the contract, and damage or loss to the plaintiff." Samadder v. DMFof Ohio, Inc., 154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 27, citing Powell v. Grant Med. Ctr., 148 Ohio App.3d 1,2002-Ohio-443, at ¶ 27. "`Where promises in a contract remain unperformed by each party and the evidence is conflicting as to which committed the breach, or first breach, that issue should be submitted to the jury and the jury instructed as to the effect of its finding upon that issue.'" Sentinel Consumer Prod., Inc. v.Mills, Hall, Walborn Assoc., Inc. (1996), 110 Ohio App.3d 211,216, quoting Mays v. Hartman (1947), 81 Ohio App. 408, paragraph four of the syllabus; see, also, McCabe/Marra Co. v.Dover (1995), 100 Ohio App.3d 139, 155, appeal not allowed,72 Ohio St.3d 1529 (stating that "[w]hen disputed, good faith efforts to satisfy contractual conditions are factual issues").
 {¶ 16} Here, the parties dispute whether Stofcheck Ambulance breached the lease agreement. Such a dispute requires a factual determination. Sentinel Consumer Products, Inc., at 216;McCabe/Marra Co., at 155. In a civil trial, determination of the weight to be given the evidence and determination of witness credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Therefore, in this case, it was within the province of the common pleas court, as the trier of fact, to determine the weight of the evidence and witness credibility when determining whether plaintiff sustained its burden of proof concerning its breach of contract claim against Stofcheck Ambulance. DeHass, at paragraph one of the syllabus.
 {¶ 17} In its judgment, the common pleas court found that plaintiff failed to meet its contractual obligation to apply for rezoning upon execution of the contract. The common pleas court further found that plaintiff's failure to apply for rezoning upon execution of the contract constituted a breach of an essential term of the contract and, therefore, Stofcheck Ambulance was relieved of its obligation under the contract.
 {¶ 18} Paragraph 35 of the lease agreement provides:
ZONING: Lessor and Lessee acknowledge that the current zoning is R-Rural and the allowable use according to the City of Columbus is Office. Therefore the Lessess [sic] proposed use would be considered a non-conforming use by the City of Columbus.
The Lessor agrees to apply for rezoning consistent with the Lessees [sic] proposed use upon execution of the Lease. According to the City of Columbus, rezoning should not be a problem but may take approximately six months or more to complete.
In the event that the rezoning is unsuccessful and the Lessee is forced to relocate, the Lessor shall release the Lessee it's [sic] obligations under the Lease on the day that the Lessee vacates the Premises. The Lessor shall also reimburse the Tenant for an amount equal to two months rent.
 {¶ 19} At trial, Mr. Edward Stofcheck, Sr., testified, in part:
Well, we said, is it zoned properly? And I think at the point of first asking that, we weren't sure how it was zoned. But it quickly was found out that it was zoned rural and that we would not be able to — so a zoning change would have to be made.
Well, our family said, well, we have to have something in the lease to satisfy the zoning. Obviously, the zoning change was — needed to be done. So we needed something in the lease to say that it would be done.
* * *
We asked that the zoning issue be addressed in the lease. And when the final lease was given to us, the words that are in there seemed okay to us.
Q. [By Attorney Jeffrey D. Boyd] They drafted those words?
A. They drafted those words. We said — they submitted — they drafted the entire lease. They submitted the lease to us for our signature. And when it had nothing — I mean, we said about zoning, they said we have got to give another lease. They handed us another lease with the zoning words in it, and it seemed okay to us. Because to our notion was if the application was made to the zoning board right away upon us signing the lease, then it would be in their hands in reference to the delay, not in Lewis 
Michael's hands, not in our hands. The lease — the application would be made. If it takes zoning two months, three months, six months, at least we've done our part; they have done their part.
And we're waiting to hear from them. And then, of course, the wording in the lease that said if it was unsuccessful, we would be released of the lease and we would have the two months rent given back. So it seemed like it was all right — it was okay. So we signed the lease.
(Tr. 49-50.)
 {¶ 20} In Kersh v. Montgomery Developmental Ctr., Ohio Dept.of Mental Retardation and Developmental Disabilities (1987),35 Ohio App.3d 61, this court explained that "[a] breach of one of several terms in a contract does not discharge the obligations of the parties to the contract, unless performance of that term is essential to the purpose of the agreement." Id. at 62, citingBoehl v. Maidens (1956), 102 Ohio App. 211. The Kersh court further explained:
The Restatement sets out five factors to be considered in deciding whether a failure to render performance is material:
"(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
"(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
"(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
"(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
"(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."
Id. at 62-63, quoting Restatement of the Law 2d, Contracts (1981) 237, Section 241.
 {¶ 21} Here, in the lease agreement both parties acknowledged that Stofcheck Ambulance's proposed use of the property was considered non-conforming use by the city of Columbus. According to the testimony of Mr. Edward Stofcheck, Sr., Stofcheck Ambulance specifically requested a zoning provision in the agreement and later agreed to the provision that plaintiff drafted. Under these facts and circumstances, we find that the common pleas court, as the trier of fact, reasonably could conclude that rezoning of the property was a material component of the contract and, therefore, Stofcheck Ambulance was deprived of a benefit that it reasonably expected.
 {¶ 22} Professor E. Allan Farnsworth has observed:
Although a material breach justifies the injured party in exercising a right to self-help by suspending performance, it does not necessarily justify the injured party in exercising such a right by terminating the contract. Fairness ordinarily dictates that the party in breach be allowed a period of time — even if only a short one — to cure the breach if it can. If the party in breach does cure within that period, the injured party is not justified in further suspension of its performance and both parties are still bound to complete their performances. This follows from the fact that the breach is treated as the nonoccurrence of a condition.
The injured party need not suspend performance indefinitely, however. After some period of time, the injured party can put an end to the contract by terminating it. * * *
How long must the injured party wait before terminating the contract? Whether a material breach has remained uncured for long enough to justify termination is a question of fact, much like the question whether the breach is material in the first place. * * *
Farnsworth, Contracts (3 Ed. 2004) 525, Section 8.18 (footnotes omitted); see, also, Restatement of the Law 2d, Contracts (1981) 244, Section 242.
 {¶ 23} Here, because plaintiff did not apply for rezoning until after Stofcheck Ambulance vacated the premises, and because approximately seven months passed before plaintiff actually applied for rezoning of the property, the common pleas court reasonably could have considered these circumstances when evaluating whether sufficient time had elapsed before it concluded that Stofcheck Ambulance was relieved of its obligations under the lease agreement.
 {¶ 24} Plaintiff contends, however, that Stofcheck's financial situation, not its concern over the property's zoning, motivated its decision to vacate the premises prior to the expiration of the lease's term. Plaintiff therefore reasons that Stofcheck Ambulance's action was unjustified under the terms of the contract.
 {¶ 25} "It is well established that the breaching party's mental state is irrelevant to a claim for a breach of contract."Twin Maples Veterinary Hosp., Inc. v. Cincinnati Ins. Co.,159 Ohio App.3d 590, 2005-Ohio-430, at ¶ 24; see, also, Textron Fin.Corp. v. Nationwide Mut. Ins. Co. (1996), 115 Ohio App.3d 137,151, dismissed, appeal not allowed, 78 Ohio St.3d 1425, citingWolfe v. Continental Cas. Co. (C.A.6, 1981), 647 F.2d 705, 710, certiorari denied, 454 U.S. 1053, 102 S.Ct. 597 (stating that "[t]he motive of a breaching party is irrelevant to a contract action"). Thus, whether financial setbacks or concern over zoning motivated Stofcheck Ambulance's decision to vacate the premises prior to the expiration of the lease's term is irrelevant when considering this contract action.
 {¶ 26} Here, plaintiff did not perform its obligations under the contract. Specifically, plaintiff failed to apply for rezoning of the property upon execution of the lease. Furthermore, Stofcheck Ambulance did not perform under the contract because it vacated the premises prior to the expiration of the lease's term without having been forced to relocate by the city of Columbus. After considering all the evidence, the common pleas court factually determined that plaintiff's failure to apply for rezoning of the property upon execution of the lease constituted a breach of an essential term of the contract that relieved Stofcheck Ambulance of its obligation under the contract. After independent review of the evidence, and under these facts and circumstances, we cannot conclude that plaintiff has rebutted the presumption of correctness concerning this finding of the trial court. See, e.g., Seasons Coal Co., at 79-80.
 {¶ 27} Plaintiff also asserts that the common pleas court should have applied doctrines of waiver, laches, or estoppel to preclude judgment in favor of Stofcheck Ambulance. Plaintiff reasons that Stofcheck Ambulance's failure to demand strict compliance with paragraph 35 of the lease agreement supports this claim.
 {¶ 28} As to the term "waiver," Professor E. Allan Farnsworth has observed:
* * * Although it has often been said that a waiver is "the intentional relinquishment of a known right," this is a misleading definition. What is involved is not the relinquishment of a right and the termination of the reciprocal duty but the excuse of the nonoccurrence of or a delay in the occurrence of a condition of a duty. The owner that leads the builder to believe that progress payments will be made without architect's certificates "waives" the condition, since the owner's duty to pay is no longer conditional on certificates. * * *
Farnsworth, supra, at 447, Section 8.5. (Footnotes omitted.)
 {¶ 29} "[W]aiver of a contract provision may be express or implied." Natl. City Bank v. Rini, 162 Ohio App.3d 662,2005-Ohio-4041, at ¶ 24, citing Griffith v. Linton (1998),130 Ohio App.3d 746, 751. "`"[W]aiver by estoppel" exists when theacts and conduct of a party are inconsistent with an intent toclaim a right, and have been such as to mislead the other party to his prejudice and thereby estop the party having the right from insisting upon it.'" Natl. City Bank, at ¶ 24, quotingMark-It Place Foods, Inc. v. New Plan Excel Realty Trust, Inc.,156 Ohio App.3d 65, 2004-Ohio-411, at ¶ 57. (Emphasis sic.) "Waiver by estoppel allows a party's inconsistent conduct, rather than a party's intent, to establish a waiver of rights." Natl.City Bank, at ¶ 24.
 {¶ 30} Whether a party's inconsistent conduct constitutes waiver involves a factual determination, see, e.g., Lamberjackv. Priesman (Feb. 5, 1993), Ottawa App. No. 92-OT-006, fn. 5, and such a factual determination is properly made by the trier of fact. Walker v. Holland (1997), 117 Ohio App.3d 775, 791.
 {¶ 31} Here, the lease agreement in paragraph 28 provides, in part:
NONWAIVER: Any failure of Lessor or Lessee to insist upon strict performance of any terms, conditions and covenants herein shall not be deemed as a waiver of any right or remedies upon any default by the other, neither shall it prejudice nor affect ether's [sic] respective rights or remedies in the event of subsequent defaults.
 {¶ 32} Under the express terms of the lease agreement, any failure of Stofcheck Ambulance to insist upon strict performance of any lease terms should not be construed as a waiver of any right or remedies. Accordingly, plaintiff's contention that the common pleas court erred by failing to find that Stofcheck Ambulance's failure to demand strict compliance with paragraph 35 of the lease agreement constitutes waiver is unconvincing.
 {¶ 33} Plaintiff's claim that the common pleas court erred by failing to apply the doctrine of estoppel also is unconvincing. "`[E]stoppel' is a term that parties frequently use quite loosely." Mark-It Place Foods, Inc., at ¶ 49, citing In reEstate of Cecere (1968), 17 Ohio Misc. 101, 104; see, also,Mark-It Place Foods, at ¶ 49 (observing that "[t]here are three broad categories of estoppel, namely (1) estoppel by record; (2) estoppel by deed; and (3) estoppel in pais [`equitable estoppel']"); Black's Law Dictionary (8 Ed. 2004) 589 (defining "estoppel").
 {¶ 34} Here, plaintiff has not expressly stated what type of estoppel the common pleas court should have applied. In Markesev. Ellis (1967), 11 Ohio App.2d 160, 163, the court observed:
* * * We recognize the principle of law that one cannot justly or equitably lull his adversary into a false sense of security, and thereby cause the adversary to subject a claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. The doctrine of estoppel has been primarily formulated to prevent results contrary to good conscience and fair dealing.
 {¶ 35} In the present case, we cannot conclude that by finding in favor of Stofcheck Ambulance, the common pleas court rendered a judgment that is contrary to good conscience and fair dealing. Under the express terms of the contract, Stofcheck Ambulance was not under a duty to inquire whether plaintiff complied with its promise to apply for rezoning upon execution of the lease agreement. Furthermore, Stofcheck Ambulance's delay in investigating the status of the rezoning application until several months after executing the lease agreement does not of itself support a finding of estoppel. See, e.g., In re Estate ofCecere, supra, at 104 (observing that "[p]assage of time alone does not create an estoppel").
 {¶ 36} We therefore cannot conclude that, under these facts and circumstances, Stofcheck Ambulance lulled plaintiff into a false sense of security and that the common pleas court erred by not applying the doctrine of estoppel.
 {¶ 37} Plaintiff also asserts the common pleas court erred by failing to apply the doctrine of laches to prevent judgment in favor of Stofcheck Ambulance.
 {¶ 38} "`Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. * * * It is lodged principally in equity jurisprudence.'" Connin v. Bailey (1984),15 Ohio St.3d 34, 35, quoting Smith v. Smith (1957), 107 Ohio App. 440,443-444, affirmed (1959), 168 Ohio St. 447. "[T]o have any standing to successfully assert an equitable defense, i.e.,
laches, one must come with clean hands, and if he has violated conscience or good faith or has acted fraudulently, equitable release in defenses are not available to him." Kettering v.Berger (1982), 4 Ohio App.3d 254, 261. See, also, Brown v. OhioBur. of Emp. Serv. (1996), 114 Ohio App.3d 85, 92, dismissed, appeal not allowed (1997), 77 Ohio St.3d 1543 (stating that "[t]he doctrine of laches was formed to prevent inequities, not to allow one to escape the consequences of one's bad acts").
 {¶ 39} "[E]lements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." State ex rel.SuperAmerica Group v. Licking Cty. Bd. of Elections (1997),80 Ohio St.3d 182, 186, citing State ex rel. Polo v. Cuyahoga Cty.Bd. of Elections (1995), 74 Ohio St.3d 143, 145.
 {¶ 40} Laches "is predominantly a question of fact to be resolved according to the circumstances of each individual case and, as such, is within the sound discretion of the trial court."Still v. Hayman, 153 Ohio App.3d 487, 2003-Ohio-4113, at ¶ 8, citing Bitonte v. Tiffin Sav. Bank (1989), 65 Ohio App.3d 734,739; see, also, Thomas v. Thomas, Franklin App. No. 03AP-1106,2004-Ohio-2136, at ¶ 14; Jefferson Regional Water Auth. v.Montgomery Cty., 161 Ohio App.3d 310, 2005-Ohio-2755, at ¶ 7.
 {¶ 41} Accordingly, the issue resolves to a determination of whether the common pleas court abused its discretion by failing to apply the doctrine of laches. See, e.g., Still, at ¶ 8;Thomas, at ¶ 14; see, also, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219 (stating that "`[t]he term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable'"). (Citations omitted.)
 {¶ 42} Here, plaintiff failed perform an essential term under the lease agreement and, therefore, the common pleas court reasonably could have determined that plaintiff should not be allowed to escape the consequences of such failure. Under such circumstances, the common pleas court also reasonably could have concluded that laches was inapplicable. Consequently, we conclude that the common pleas court's failure to apply the doctrine of laches was not an abuse of discretion.
 {¶ 43} Accordingly, for the foregoing reasons, we conclude that some competent, credible evidence going to all the essential elements of the case supports the common pleas court's judgment. We further conclude that the common pleas court's judgment is one that could reasonably be reached from the evidence. Consequently, we hold that the common pleas court's judgment is not against the manifest weight of the evidence and is supported by sufficient evidence.
 {¶ 44} For the foregoing reasons, we overrule plaintiff's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.