OPINION
{¶ 1} Plaintiff-appellant, Beverlee Sokol, appeals from a judgment of the Franklin County Municipal Court awarding her damages in her breach of contract action against defendants-appellees, LeRoy Burroughs and Shawn Harden. For the following reasons, we reverse that judgment and remand the mater with instructions.
 {¶ 2} In 2000, Sokol leased to appellees property located at 225 Fairway Boulevard in Whitehall, Ohio for use as a beauty salon. The lease was for three years and the monthly rent for the property was $950. In 2003, the parties agreed to extend that lease for another three years. The lease term expired on August 31, 2006. The rent did not change. In the lease extension agreement, the parties agreed that "[appellees] *Page 2 
shall pay their quarterly water/sewer bill within ten (10) days of receipt of the invoice from [Sokol]."
 {¶ 3} Appellees closed the salon at the end of August 2006. At the expiration of the lease term, Sokol billed appellees $7,780.85 for accrued water and sewer charges. Appellees failed to pay their rent for July and August 2006 and the water and sewer charges. As a result, Sokol filed the instant action seeking the July and August 2006 rent payments and the water and sewer charges accrued during the last three years of the lease term.
 {¶ 4} At trial, Sokol's husband, the property manager, testified that appellees did not make rent payments for July and August and did not pay the accrued sewer and water bill. Harden testified that appellees did not pay the water or sewer charges during the last three years of their lease because Sokol did not present them with a water or sewer bill until the lease term expired. The trial court awarded Sokol $2,100 for past due rent and penalties but denied Sokol's claim for unpaid water and sewer charges. The trial court reasoned that Sokol waived this claim because she did not present appellees with quarterly water or sewer bills during the three-year lease period.
 {¶ 5} Sokol appeals and assigns the following errors:
 I. THE TRIAL COURT'S DECISION NOT TO AWARD THE WATER AND SEWER CHARGES TO MS. SOKOL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. MS. SOKOL DID NOT WAIVE HER RIGHT TO COLLECT THE AMOUNT OWED FOR WATER AND SEWER CHARGES.
 {¶ 6} Sokol contends in both her assignments of error that the trial court erred when it did not award her damages for the unpaid water and sewer charges. We agree. *Page 3 
 {¶ 7} The construction of a written contract is a matter of law for the court. Saunders v. Mortensen, 101 Ohio St.3d 86, 2004-Ohio-24, at ¶ 9. The intent of the parties is paramount in guiding judicial construction of contracts, and is presumed to lie within the language used in the written contract. The contract must be read as a whole in ascertaining the intent of the parties. Id. at ¶ 16.
 {¶ 8} The parties' lease extension agreement plainly obligated appellees to pay their quarterly water and sewer bill within 10 days of the receipt of such bill. The agreement did not require Sokol to submit the water and sewer bills to appellees within a particular time frame. At the end of the lease term, Sokol presented appellees with a bill reflecting the accrued water and sewer charges. Sokol's property manager described the method used to calculate the amount of water and sewer charges that appellees incurred during the three years of the extended lease agreement. Appellees offered no evidence to rebut Sokol's calculations. Pursuant to the lease extension agreement, appellees had 10 days after receipt of the bill to pay Sokol. They did not pay the bill. Absent a wavier of her rights by Sokol, appellees' failure to pay the water and sewer charges was a clear breach of the lease extension agreement.
 {¶ 9} The trial court found that Sokol waived her right to collect the water and sewer charges because she failed to present the bills to appellees during the term of the extended lease. We disagree.
 {¶ 10} Waiver is a voluntary relinquishment of a known right.Yoder v. Hurst, Franklin App. No. 07AP-121, 2007-Ohio-4861, at ¶ 14, citing Glidden Co. v. Lumbermens Mut. Cas. Co., 112 Ohio St.3d 470,2006-Ohio-6553, at ¶ 49. Because Sokol was not obligated to submit the water and sewer bills to appellees during the lease term, she did not waive her right to receive payment for these charges by submitting the bills at the *Page 4 
conclusion of the lease term. Moreover, the parties' lease agreement provided that "[a]ny provision of this Lease may be modified, waived or discharged only by an instrument in writing signed by the party against which enforcement of such modification, waiver or discharge is sought." Sokol did not sign a writing waiving any of her rights under the lease extension agreement. Absent a signed writing, Sokol retains her rights under that agreement. Cf. Lewis Michael Moving and Storage, Inc. v.Stofcheck Ambulance Serv., Inc., Franklin App. No. 05AP-662,2006-Ohio-3810, at ¶ 31-32 (express terms of agreement prohibited waiver of rights or remedies). Nor did Sokol sign a writing that changed appellees' obligations under the lease extension agreement. Therefore, the trial court erred by finding that Sokol waived her right to receive payment for water and sewer charges.
 {¶ 11} Sokol's two assignments of errors are sustained. The judgment of the Franklin County Municipal Court is reversed, and the matter is remanded to that court with instructions that the trial court enter judgment in favor of Sokol in the amount of the rent and penalties due plus the amount of the applicable water and sewer bills.
Judgment reversed and cause remanded with instructions.
BROWN and KLINE, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1