KERSH, A.K.A. CHAMBERS, APPELLANT, *v.* MONTGOMERY DEVELOPMENTAL CENTER, OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLEE.

(No. 86AP-629—Decided February 12, 1987.)

*William D. Forbes* and *Dennis L. Bailey,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Stephen P. Samuels,* for appellee.

STRAUSBAUGH, P.J. Plaintiff appeals from a judgment of the Court of Claims denying her claim for payment of compensatory time earned, but not used.

Plaintiff Lois H. Kersh, D.O., a.k.a. Lois H. Chambers, D.O., was employed by defendant Montgomery Developmental Center, commencing October 19, 1981, as a Physician Administrator 2 and Medical Director. In order to implement the provisions of R.C. 5123.85(E), the Department of Mental Retardation and Developmental Disabilities ("DMRDD") required that each developmental center have twenty-four-hour physician coverage. Plaintiff's contract with defendant called for around-the-clock coverage, seven days per week.

The contract provided that plain-

tiff would be compensated at a specified hourly rate. Plaintiff was to be paid this rate for all "hands-on" time — time plaintiff was actually present at the facility.

The additional hours of coverage needed to fulfill the twenty-four-hour coverage would be met by plaintiff being "on call." Compensation for on-call time has to be made under a system where three hours of on-call time equalled one hour of compensable time. All hours over forty hours per week were to be compensated by compensatory time off ("comp-time").

When plaintiff resigned her position in April 1984, she made demand of defendant for payment of the comp-time accumulated, but not used. The Court of Claims entered judgment for defendant, finding that plaintiff was not entitled to further compensation.

The court based its decision on two grounds. First, since plaintiff had breached her contract with defendant, plaintiff was barred from making a claim under that contract. But more importantly, the court found that plaintiff's overtime-exempt status barred her claim for reimbursement of comp-time.

Plaintiff asserts two assignments of error:

"1. The court erred in holding that appellant's 'overtime-exempt' status barred her from converting compensatory time earned into straight time pay.

"2. The court erred in holding that appellant did not fulfill the terms of her employment contract."

In order to reach plaintiff's second assignment of error, it is first necessary to consider the breach of contract claim. Since the court below found that plaintiff's breach of contract barred her claim in any event, that issue must be addressed in order to reach the statutory "overtime-exempt" question.

The Court of Claims found that plaintiff's contract specifically required her to be present at the facility ten hours per week. We agree. Plaintiff's testimony and evidence clearly reveal this. Moreover, the court found that plaintiff was present only 5.8 to 6.9 hours per week. From the foregoing the court concluded that plaintiff breached her contract and denied her claim under that contract, stating: "[o]ne seeking equitable relief must come into court with clean hands."

The gist of the decision is that plaintiff's breach of a specific term in her contract barred her from seeking relief under that contract. With this we do not agree.

A breach of one of several terms in a contract does not discharge the obligations of the parties to the contract, unless performance of that term is essential to the purpose of the agreement. *Boehl* v. *Maidens* (1956), 102 Ohio App. 211, 2 O.O. 2d 204, 139 N.E. 2d 645. Stated another way, default by a party who has substantially performed does not relieve the other party from performance. *Hadden* v. *Consolidated Edison Co. of N.Y., Inc.* (1974), 34 N.Y. 2d 88, 356 N.Y. Supp. 2d 249, 312 N.E. 2d 445. Cf. 6 Williston, Contracts (3 Ed. 1962) 165, Section 842; Restatement of the Law 2d, Contracts (1981) 237, Section 241.

The Restatement sets out five factors to be considered in deciding whether a failure to render performance is material:

"(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

"(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

"(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

"(d) the likelihood that the party

failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

"(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing." Restatement of the Law 2d, Contracts (1981) 237, Section 241.

Applying these factors to the instant case, the most significant circumstance is the extent to which defendant was deprived of the benefit it sought. Clearly, because defendant required it by rule, the benefit expected was twenty-four-hours-per-day, seven-days-per-week coverage. In fact, that is what the contract specifically provided for. Merely because one term called for ten hours of hands-on care per week does not negate the fact that plaintiff substantially complied with the purpose of the contract. She was available twenty-four hours per day, seven days per week. Whether she was ever called or not is immaterial. Defendant required around-the-clock coverage and plaintiff was available around the clock.

Therefore, plaintiff's second assignment of error is well-taken and sustained. We note in passing, however, that plaintiff's breach of a term, even if a minor term, does not relieve her of liability. On remand, the trial court may consider this issue if it is raised by defendant.

Turning to plaintiff's first assignment of error, we find that the court based its decision denying plaintiff's claim primarily on the fact that plaintiff was "overtime exempt." As such, there was no statutory basis for converting "comp-time" into cash

payments for overtime hours worked. The Court of Claims found that plaintiff's only option was to take the time off. Such conclusion is not in accord with Ohio law.

To adopt the Court of Claims' position would place state employees like Dr. Kersh in a quandary. By contract, plaintiff was entitled to one hour of comp-time for every three hours over forty hours per week actually earned. Plaintiff was required to earn comp-time since she was on call twenty-four hours per day, seven days per week. As the only physician on call for most of her tenure, plaintiff could not use the time she earned since she was always on call. Thus, although she earned the time, plaintiff could not use it. Nor could she, according to the trial court, be compensated for it. We do not believe this state's law requires that result.

Clearly, plaintiff was "overtime exempt." R.C. 124.18 specifies that employees paid under Schedule C of R.C. 124.15(A) are overtime exempt.[1] Since plaintiff was paid under that schedule, and because her position was classified by defendant as overtime exempt, she was not entitled to overtime pay.

But plaintiff does not claim she is entitled to pay. Her claim is for payment of unused comp-time. She states she earned this time pursuant to R.C. 124.18. The pertinent statutory provision reads:

"* * * With the approval of the director of administrative services, the appointing authority may establish a policy to grant compensatory time to employees who are in positions that are exempt from overtime compensation."

---

[1] Since the relevant portions of R.C. 124.18 were revised (see 139 Ohio Laws, Part II, 3460, 3536-3537) in November 1981, one month after plaintiff's date of employment, the Court of Claims' consideration of this matter on remand should include this factor.

Defendant counters plaintiff's argument by interposing the regulations promulgated by DMRDD pursuant to R.C. 124.18. That regulation, Ohio Adm. Code 5123-7-03(D), specifies that only eligible employees are entitled to overtime pay. Division (C)(6) of that regulation defines an eligible employee as one who is not on the agency overtime-exempt list or under salary Schedule C of R.C. 124.15 (A).

This regulation, however, merely parrots the wording of R.C. 124.18. As such, the regulation, as worded, applies only to overtime pay. It makes no reference to the provision of R.C. 124.18 for comp-time. That section clearly allows a department to áward comp-time to its overtime-exempt employees. This may be accomplished via policy established by the department.

·Plaintiff's evidence and the testimony at trial conclusively established that defendant had a policy of granting overtime-exempt employees comp-time. Moreover, it was established that plaintiff's name was included on the list of overtime-exempt employees entitled to comp-time. That list was filed by defendant with the Director of Administrative Services as required by R.C. 124.18. Accordingly, plaintiff earned comp-time.

The only issue that remains is whether plaintiff is entitled to payment for unused time. Since defendant has not established a policy either prohibiting or providing for payment of unused comp-time, the general provisions of Ohio Adm. Code Chapter 123:1-43 govern.

Ohio Adm. Code 123:1-43-05(A) requires that comp-time awarded is to be used at a time mutually convenient to the employee and the administrative superior within one-hundred-eighty days of earning it. But here, plaintiff was prevented from using her comp-time since she was contractually bound to be available twenty-four hours per day. Even after a part-time physician was hired to assist plaintiff, Dr. Kersh claims she continued to accumulate comp-time for the hours she was on call beyond forty hours per week. Whether plaintiff's failure to use her comp-time subsequent to the arrival of Dr. Cox was her own fault or due to her duties was not determined. On remand, the court should consider this factor when calculating its order.

Ohio Adm. Code 123:1-43-06(A) further provides for payment of comp-time earned but not used. Such payment is to be made at the time of separation. However, division (B) of Ohio Adm. Code 123:1-43-06 specifies that comp-time earned is to be converted back into straight time. Accordingly, if plaintiff earned twenty-two and two-thirds hours of comp-time under the provisions of her contract, she is not entitled to payment for one and one-half times that amount. Rather, she is entitled to straight payment of those hours at the overtime rate which was effective for the employee at the time the compensatory time was earned.

Plaintiff's first assignment of error is well-taken and therefore sustained.

Plaintiff's two assignments of error are sustained. The judgment of the Court of Claims is reversed and the cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed and cause remanded with instructions.*

REILLY and NUGENT, JJ., concur.

NUGENT, J., of the Court of Common Pleas of Cuyahoga County, sitting by assignment in the Tenth Appellate District.