**RUSSELL, Appellant,**

v.

**OHIO OUTDOOR ADVERTISING CORPORATION, Appellee.**

[Cite as *Russell v. Ohio Outdoor Advertising Corp.* (1997), 122 Ohio App.3d 154.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–96–078.

Decided Aug. 1, 1997.

**156**

*Christopher M. Marinko*, for appellant.

*John A. Pfefferle*, for appellee.

SHERCK, Judge.

This appeal comes to us from a judgment issued by the Erie County Court in a contract case involving the lease of land for the maintenance of a commercial billboard. Because the trial court erroneously concluded that appellee's breach of the lease agreement was not a material violation, we reverse.

Appellant, Steven W. Russell, owns property near the Ohio Turnpike on which he leases land for a billboard to appellee, Ohio Outdoor Advertising Corporation. In 1993, appellant sold an adjoining parcel of property to a motel franchise. As part of the sale, appellant agreed to a restrictive covenant that prevented him from leasing space for billboards that advertised competing motels or hotels.

On June 29, 1995, the parties entered into a new five-year lease, drafted by appellee. During the lease negotiations, appellee was given a copy of the restrictive covenant. As a result, the new lease contained a restriction against hotel or motel advertising and set an annual rent of $1,200. The annual rental payment was due each year in advance, commencing May 15, 1995.

In September 1995, appellant served notice upon appellee and filed an eviction action, citing nonpayment of rent and breach of the motel/hotel advertising restriction. Appellant had not received his annual rental payment and had been threatened by his motel neighbor with legal action because the billboard still displayed competing advertising.

At trial, employees of appellee admitted that the rent had not been paid. However, they claimed that nonpayment was inadvertent and, upon notice from appellant, payment was immediately sent to appellant in an effort to correct the error. Appellant, upon the advice of counsel, refused to accept the late payment.

Appellee's employees also admitted that the competitive motel/hotel advertising remained on the billboard. However, they believed that they had ninety days from the date of the signing of the lease to remove the advertising. Appellee further stated that they removed the advertising within two weeks after receiving the eviction notice.

The trial court found that the parties had leased the land for the billboard for the previous eleven years and that annual payments had always been paid in full prior to the expiration date of May 15. The trial court also found that since the lease was signed after the May 15 deadline, no specific provision had been made for the payment of the first annual rental payment.

The trial court then found:

"Except for the timeliness of the first rental payment that eventually was paid, all other elements of the lease agreement were acceptable and were unchallenged. Therefore, substantial compliance and contractual intent of the parties has been satisfied."

The trial court then determined that appellant was entitled to his $1,200 rental payment and appellee was entitled to the use of the billboard.

Appellant now appeals setting forth the following two assignments of error:

"First Assignment of Error

"The Erie County Court erred in not finding that the appellee was in breach of the lease agreement and in not ordering the appellee to leave the appellant's premises.

"Second Assignment of Error

"The judgment and findings of the Erie County Court that the appellee was not otherwise in breach of the lease, despite the presence of motel advertising in violation of the express terms of the lease, was against the manifest weight of the evidence."

We will address appellant's assignments of error together.

Generally, an appellate court will not reverse a judgment of the trial court as being against the manifest weight of the evidence if that judgment is supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 8 O.O.3d 261, 261–262, 376 N.E.2d 578, 579. However, while a reviewing court will defer to the trial court's judgment as to credibility of witnesses, the finding of an error of law is legitimate grounds for reversal. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 409–410, 461 N.E.2d 1273, 1275–1277.

We have previously applied the Restatement of Contracts to the question of what constitutes a material breach. See *Ohio Comp. Serv. Co. v. Smith* (May 10, 1991), Lucas App. No. L–90–104, unreported, 1991 WL 77494. Other appellate courts have also turned to the Restatement for guidance. See *Kersh v. Montgomery Developmental Ctr.* (1987), 35 Ohio App.3d 61, 519 N.E.2d 665; and

*Software Clearing House, Inc. v. Intrak, Inc.* (1990), 66 Ohio App.3d 163, 583 N.E.2d 1056.

The Restatement sets forth five factors to consider in determining whether there has been a material failure of performance:

"(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

"(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

"(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

"(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

"(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing." Restatement of the Law 2d, Contracts (1981) 237, Section 241.

■ Applying the Restatement to the facts of this case, we conclude that the evidence supports the trial court's determination that appellee's failure to promptly pay the annual rent was not "crucial" to the contract. The court correctly found the prepayment clause unenforceable for the year 1995, since payment was to have been made by May 15, 1995, and the contract was not even executed until June 29, 1995. Evidence of good faith and fair dealing was presented both in terms of appellee's eleven-year payment history and appellee's prompt tendering of its payment after receiving appellant's eviction notification. Accordingly, appellant's first assignment of error is not well taken.

■ However, appellee's failure to remove the motel advertising is another matter. The trial court specifically found that appellee had notice of appellant's restrictive covenant and that appellee recognized the terms of that covenant. Nevertheless, the court erroneously concluded that, other than the rent issue, "all other elements of the lease agreement were acceptable and unchallenged. Therefore, substantial compliance and contractual intent of the parties has been satisfied."

The motel/hotel advertising prohibition was critical to appellant's interest, since he had limited the use of his property by entering into the restrictive covenant with his adjoining landowner. By keeping the advertising in place, appellee

subjected appellant to a potential cause of action and exposed him to possible damages. In other words, appellee deprived appellant of a reasonably expected benefit—the right not to be subject to a possible lawsuit from his neighbor.

■■ We note that appellee's employees testified to believing that they had ninety days to remove the advertising. However, Ohio law provides that parol evidence of the terms of a written lease agreement may not be considered when the meaning of that agreement is clear and unambiguous. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 132, 31 OBR 289, 290–291, 509 N.E.2d 411, 413.

In this case, the lease agreement clearly prohibited hotel/motel advertisement on the billboard. Furthermore, the lease agreement, drafted by appellee, stated that the "lease shall constitute the entire agreement between the parties. Neither party will be bound by any other statements, promises, oral or written, unless such statements and/or promises are specifically set forth in this Lease."

Nothing in the lease agreement gives appellee an additional ninety days to remove prohibited advertising after the signing of the lease.

Therefore, we conclude that the trial court erred as a matter of law in failing to hold that appellee materially breached the lease agreement. Accordingly, appellant's second assignment of error is well taken.

The judgment of the Erie County Court is reversed. This cause is remanded for proceedings consistent with this opinion. Court costs of this appeal are assessed against appellee.

*Judgment reversed
and cause remanded.*

GLASSER and KNEPPER, JJ., concur.