In re KELLSTROM INDUSTRIES, INC., et al., Debtors.

No. 02–10536 (MFW).

United States Bankruptcy Court, D. Delaware.

Nov. 5, 2002.

Norman L. Pernick, Domenic E. Pacitti, Maria Aprile Sawczuk, Saul Ewing LLP, Wilmington, DE, Jeffrey C. Hampton, Ro-byn Forman Pollack, Saul Ewing LLP, Philadelphia, PA, for Debtors.

David W. Black, Frank, Weinberg & Black, P.L., Plantation, FL, for Sawgrass Land Associates.

Joanne Pinckney, Bouchard, Margules & Friedlander, Wilmington, DE, for American Airlines.

Neal J. Levitsky, Fox, Rothschild, O'Brien & Frankel, LLP, Wilmington, DE, Evelyn Sahr, Brenda A. Hefferman, Condon & Forsyth, LLP, Washington, DC, for Royal Jordanian Airlines.

Stephen M. Yoder, Christopher A. Ward, The Bayard Firm, Wilmington, DE, Carole Neville, Sonnenschein, Nath & Rosenthal, New York City, for the Official Committee of Unsecured Creditors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

This matter is before the Court on the Motion of the Debtors for Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts. The Motion is opposed by one of the contract parties, Sawgrass Land Associates ("Sawgrass") which asserts that the agreement with it (a right of first refusal) is not an executory contract subject to rejection by the Debtors. For the reasons set forth below we grant the Motion.

### I. FACTUAL BACKGROUND

This case was commenced by the filing of voluntary petitions under chapter 11 of the Bankruptcy Code on February 20, 2002, by Kellstrom Industries, Inc., KCA, Inc. f/k/a Kellstrom Commercial Aircraft, Inc., KC–I, Inc. f/k/a Kellstrom Solair,

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

834

Inc., CAP–I, Inc. f/k/a Certified Aircraft Parts, Inc., Aircraft I, Inc. f/k/a Aircraft 21801, Inc., Aircraft II, Inc. f/k/a Aircraft 21805, Inc., DC–9 Aircraft Holdings, L.L.C. and DC–9 Aircraft Holdings, II, L.L.C. (collectively "the Debtors").

On September 5, 2002, the Debtors filed a Motion for Order Authorizing the Debtors to Reject Certain Unexpired Leases and Executory Contracts ("the Rejection Motion"). An objection to that Motion was filed by, *inter alia*, Sawgrass.[2] A hearing was held on the Rejection Motion on September 23, 2002, at which time we heard oral argument. We allowed the parties to file briefs in support of their positions which they did on September 30 and October 7, 2002, respectively.

## II. *JURISDICTION*

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).

## III. *DISCUSSION*

Sawgrass asserts that the contract with it constitutes a right of first refusal obligating the Debtors to notify Sawgrass of any offer to purchase the property and to permit Sawgrass to purchase that property if it matches the price. It asserts that such a contract is not an executory contract and cannot be rejected pursuant to section 365. As authority it cites the case of *In re Bergt*, 241 B.R. 17 (Bankr.D.Alaska 1999). The *Bergt* Court held that a right of first refusal is similar to an option to sell real property. Therefore, it applied the analysis of the Ninth Circuit in *Unsecured Creditors' Committee v. Southmark Corp. (In re Robert L. Helms Constr. & Dev. Co., Inc.)*, 139 F.3d 702, 706 (9th

Cir.1998)(rejecting authority that all options are executory contracts but observing that an option may be executory if optionee has announced decision to purchase but has not concluded the purchase by the bankruptcy filing date). Since there was no sale pending when the bankruptcy case was filed, the *Bergt* Court concluded that the right of first refusal was not executory as of the petition date and, therefore, could not be rejected under section 365.

The Debtors assert that the *Bergt* decision is in the minority and cite to numerous cases which have held that a right of first refusal is an executory contract subject to rejection under section 365. *See, e.g., In re Coordinated Financial Planning Corp.*, 65 B.R. 711, 713 (9th Cir. BAP 1986)(even though right of first refusal was a covenant running with the land, court concluded that it was an executory contract which could be rejected under section 365); *In re Fleishman*, 138 B.R. 641, 646–47 (Bankr.D.Mass.1992)(right of first refusal was simply a personal contract, not a covenant running with the land, and therefore could be rejected); *In re A.J. Lane & Co., Inc.*, 107 B.R. 435, 437 (Bankr.D.Mass. 1989) (option contract is executory); *In re Hardie*, 100 B.R. 284, 287 (Bankr.E.D.N.C.1989)(unexercised option contract is executory); *In re G–N Partners*, 48 B.R. 462, 466 (Bankr.D.Minn.1985) (option contracts are generally executory until the option is exercised); *In re Waldron*, 36 B.R. 633, 636–37 (Bankr.S.D.Fla. 1984), *rev'd on other grounds*, 785 F.2d 936 (11th Cir.1986)(option contract was an executory contract which could be rejected under section 365).

**2.** The relief requested in the Motion was granted as to the other parties by Order dated

September 23, 2002.

A review of the right of first refusal in this case confirms the executory nature of the contract. The Debtors are obligated to give notice to Sawgrass of any offer to purchase the price and to sell to it if it matches the offer. Sawgrass is required to exercise or waive the right of first refusal within thirty days of the notice.

Therefore, we conclude, like the majority of the courts before us, that the right of first refusal granted to Sawgrass is an executory contract which may be rejected by the Debtors under section 365.[3]

## IV. CONCLUSION

For the reasons set forth above, we grant the Motion of the Debtors to Reject the executory contract with Sawgrass Land Associates.

---

3. Of course, the rejection of the right of first refusal does not preclude Sawgrass from making an offer to purchase the property or, if the Debtors seek to sell the property in the bankruptcy case, to submit a counteroffer.