**GO TRAVEL TOLEDO, INC.,**
Plaintiff–Appellant,

v.

**AMERICAN AIRLINES,**
Defendant–Appellee.

No. 02–4363.

United States Court of Appeals,
Sixth Circuit.

March 31, 2004.

Barry E. Savage, Toledo, OH, for Plaintiff–Appellant.

Mark D. Wagoner, Jr., Shumaker, Loop & Kendrick, Toledo, OH, for Defendant–Appellee.

Before COLE and GILMAN, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

Go Travel Toledo, Inc. ("Go Travel") appeals from the judgment entered after a bench trial in its breach of contract action against American Airlines ("American"). Go Travel claimed that American breached its contract by failing to provide round-trip air travel to a group of General Motors employees. Under its contract with American, Go Travel was required to fax the passenger names to American at a designated number at least twenty-one days before the flight's departure. The district court found that Go Travel had failed to meet its burden of proving by a preponderance of the evidence that it had complied with the conditions of its contract.

Go Travel contends that certain findings of fact by the district court are incomplete or in error and do not support the district court's conclusions of law. We review findings of fact for clear error. *Regensburger v. City of Bowling Green*, 278 F.3d 588, 592 (6th Cir.2002). We give "due regard ... to the opportunity of the trial court to judge the credibility of the witnesses," FED. R. CIV. P. 52(a), and reverse its findings only where they run "against the clear weight of the evidence" or we are "left with the definite and firm conviction that a mistake has been committed." *Smoot v. United Transp. Union*, 246 F.3d 633, 641 (6th Cir.2001) (citation omitted).

We decline to find clear error where a district court merely fails to address each argument advanced by a party. *Zack v. Comm'r*, 291 F.3d 407, 412 (6th Cir.2002). We instead adhere to "a liberal standard for reviewing the adequacy of the find-

ings," *Grover Hill Grain Co. v. Baughman–Oster, Inc.*, 728 F.2d 784, 792 (6th Cir.1984), and recognize that "findings are to be liberally construed in support of a judgment, even if the findings are not as explicit or detailed as might be desired." *Zack*, 291 F.3d at 412. The trial court need only support its conclusion with findings "of subsidiary facts on which an ultimate conclusion can rationally be predicated." *Id.; Grover Hill Grain Co.*, 728 F.2d at 792. Here, the district court's findings of fact adequately support its conclusion that Go Travel failed to establish that it faxed the passengers' names as required by its contract. The alleged errors and omissions cited by Go Travel do not leave us with a "definite and firm conviction that a mistake has been committed." *Smoot*, 246 F.3d at 641.

■ We also reject Go Travel's contention that the district court erred in applying the doctrine of prevention. Its argument is based on the mistaken notion that the doctrine applies only where the party preventing performance by the other acted in bad faith. None of the cases relied on by Go Travel support the argument. *See Allied Erecting & Dismantling Co., Inc. v. Anderson Equip. Co.*, 2000 WL 1506499, 2000 Ohio 2563, 2000 Ohio App. LEXIS 4595, *4–*6 (2000) (stating and applying the doctrine of prevention without reference to bad faith); *Ruddock v. Cunningham*, 539 N.E.2d 1141, 1145 (Ohio Ct.App. 1987) (referring to bad faith only in an unrelated portion of the opinion); *Gary Crim, Haire v. Philips Indus., Ltd.*, 1996 WL 100841, 1996 Ohio App. LEXIS 874 (1996) (bad faith not an issue); *Suter v. Farmers' Fertilizer Co.*, 100 Ohio St. 403, 126 N.E. 304 (1919) (same).

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

Finally, Go Travel argues that it should prevail under the doctrine of substantial performance because it made an honest and good faith effort to comply with the contract. Under the substantial performance doctrine, "[n]ominal, trifling, or technical departures from the terms of a contract are not sufficient to breach it." *Ohio Farmers' Ins. Co. v. Cochran*, 104 Ohio St. 427, 135 N.E. 537, syllabus ¶2 (Ohio 1922); *see also Kersh v. Montgomery Developmental Ctr.*, 35 Ohio App.3d 61, 519 N.E.2d 665, 668 (1987) ("A breach of one of several terms in a contract does not discharge the obligations of the parties to the contract, unless performance of that term is essential to the purpose of the agreement." (internal citation omitted)).

Go Travel may have made a substantial *effort* to comply with the contract, but the district court's findings establish that the company effected no *actual* performance, much less a substantial one. Nor can the relevant contract term be dismissed as technical or immaterial. Go Travel conceded at trial that it knew from the outset that the space would be cancelled if it failed to timely fax the passenger list to American, plainly rendering this contract provision substantive and material.[1]

Accordingly, the judgment rendered by the district court is **AFFIRMED** on the basis of its well-reasoned Findings of Fact and Conclusions of Law of November 5, 2002.

---

**1.** Go Travel also relies on *McCabe/Marra Co. v. City of Dover*, 100 Ohio App.3d 139, 652 N.E.2d 236 (1995), to argue that good faith excuses its failure to perform. This argument fails for lack of legal support. The *McCabe* court merely held that "a party to an agreement has the burden to show that it made good faith efforts to satisfy any contractual conditions which allegedly excuse its performance." 652 N.E.2d at 246. Go Travel fails to identify an independent contractual provision that allegedly excuses its performance. Neither *McCabe* nor any other case supports Go Travel's proposition that a party need not meet its obligations so long as it acts in good faith.